UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BRITTANY VANCE, JONATHAN REDDING, JULIE THOMASON, and MARSHA MCCLESKEY, on Behalf of Themselves and All Other Similarly Situated, | § § § § § § | No. 5:17–CV–225–DAE |
| Plaintiffs, | § § | |
| vs. | § § | |
| TRANSWORLD SYSTEMS, INC.; TURNSTILE CAPITAL MANAGEMENT, LLC; AND U.S. BANK, N.A., | § § § § § § | |
| Defendants. | § | |

ORDER DENYING DEFENDANTS'
MOTION TO DISMISS (DKT. # 43)

Before the Court is a Motion to Dismiss for Failure to State a Claim ("Motion to Dismiss") filed by Defendants Transworld Systems, Inc. ("Transworld"), Turnstile Capital Management, LLC ("Turnstile") and U.S. Bank, N.A. ("U.S. Bank") (collectively, the "Defendants") on January 5, 2018.  (Dkt. # 43.)  Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for disposition without a hearing.  After careful consideration of the memoranda and exhibits filed in support of and in opposition to the motion, the Court—for the reasons that follow—**DENIES** Defendants' Motion to Dismiss.  (Id.)

1

BACKGROUND

This is a debt collection action.  On March 21, 2017, Plaintiffs Brittany Vance ("Vance") and Jonathan Redding ("Redding") filed a complaint[1] in this Court against Defendants for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 ("Section 1692"), et seq.  (Dkt. # 1.)  On April 10, 2017, Vance and Redding filed an Amended Complaint, adding Julie Thomason ("Thomason") as a plaintiff.  (Dkt. # 10.)  Several months later, a Second Amended Complaint was filed, adding Marsha McCleskey ("McCleskey") (collectively, with Vance, Redding, and Thomason, "Plaintiffs") as a plaintiff.  (Dkt. # 17.)

On July 5, 2017, Defendants filed a Motion to Dismiss Plaintiffs' Second Amended Complaint for Failure to State a Claim ("Motion to Dismiss the SAC").  (Dkt. # 20.)  On July 31, 2017, in lieu of filing a response in opposition, Plaintiffs filed a Motion for Leave to File a Third Amended Complaint.  (Dkt. # 26.)  After Plaintiffs' Motion for Leave was fully briefed, the Court granted the motion thereby mooting Defendants' Motion to Dismiss the SAC on November 22, 2017.  (Dkt. # 36.)  Plaintiffs' Third Amended Complaint ("TAC") was

---

[1] On March 21, 2018, in conjunction with filing their original complaint, Plaintiffs filed a Motion for Class Certification.  (Dkt. # 3.)  However, on December 1, 2017, Plaintiffs filed a stipulation, withdrawing the pending class certification without prejudice.  (Dkt. # 38.)

2

subsequently filed on the docket, and now serves as the operative complaint. (Dkt. # 35.)

On January 5, 2018, Defendants filed the instant Motion to Dismiss (Dkt. # 43), and a Joint Motion to Stay Discovery and Scheduling Order Deadlines ("Joint Motion to Stay") (Dkt. # 44). On January 8, 2018, the Court granted the Joint Motion to Stay. (Dkt. # 45.) On February 9, 2018, Plaintiffs' filed a response in opposition to the instant Motion to Dismiss (Dkt. # 47), and on March 2, 2018, Defendants' filed a reply (Dkt. # 49).

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a pleading include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). If a plaintiff does not satisfy Rule 8(a), the opposing party may file a motion to dismiss the claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

When presented with a motion to dismiss under Rule 12(b)(6), a court generally "must assess whether the complaint contains sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face[.]" United States v. Bollinger Shipyards, Inc., 775 F.3d 255, 257 (5th Cir. 2014) (internal citations and quotation marks omitted). "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 566 U.S. 662, 678 (2009). Although a plaintiff's factual allegations need not establish that the defendant is probably liable, they must establish more than a "sheer possibility" a defendant has acted unlawfully. Id. Determining plausibility is a "context-specific task," and must be performed in light of a court's "judicial experience and common sense." Id. at 679.

In assessing a motion to dismiss under Rule 12(b)(6), the court's review is generally limited to the complaint and any documents attached to the motion to dismiss that are referred to in the complaint and are central to the plaintiff's claims. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007). The Court, however, may also take judicial notice of public records under Federal Rule of Evidence 201 when considering a Rule 12(b)(6) motion. Funk v. Stryker Corp., 631 F.3d 777, 783 (5th Cir. 2011).

DISCUSSION

According to the TAC, at some indeterminate time in the late 2000's, Plaintiffs each signed or cosigned a private student loan to help finance the cost of higher education. (Dkt. # 35 ¶¶ 33–39.) Plaintiffs became delinquent on the loans at issue, and they were later declared in default. (Id. ¶¶ 47–49.) At least four years

4

after Plaintiffs defaulted on their individual loans, Defendants, as alleged loan servicers and debt collectors, mailed Plaintiffs form letters seeking to collect on the respective debts.  (Id. ¶¶ 33–39, App'x A–D.)  The letters state, in relevant part, as follows:

> The creditor, noted above, has placed your defaulted loan(s) with our agency for collection.
>
> The creditor has informed us that this amount is due in full.[2]
>
> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.
>
> This is an attempt to collect a debt.  Any information obtained will be used for that purpose.  This is a communication from a debt collector.
>
> * * *
>
> The account balance may be periodically increased due to the addition of accrued interest or other charges, as provided in the agreement with the original creditor, or as otherwise provided by applicable law.
>
> If you have an income tax refund, perhaps you can use the proceeds to pay this account.

---

[2] The letters are materially identical, except that the letter to McCleskey does not state that "the amount is due in full."  (See id. at App'x D.)

(Id. at App'x A–D.)

Plaintiffs now bring the instant action against Defendants, alleging that Defendants have violated the FDCPA by attempting "to collect private student loan debts which are no longer judicially enforceable because the statute of limitations has run." (Id. ¶ 53.) Specifically, Plaintiffs assert that Defendants have violated FDCPA Sections 1692e(2)(A), e(5), e(10), and 1692f. (Dkt. # 34 ¶¶ 67–68.) Defendants move to dismiss Plaintiffs' TAC, arguing that Plaintiffs have failed to set out an FDCPA claim because: (1) mere collection of a time-barred debt does not constitute a violation under the statute; and (2) the letters do not contain language which renders them false, deceptive, or misleading. (Dkt. # 43 at 9–16.)

The FDCPA is a "statute that authorizes private lawsuits and weighty fines designed to deter wayward collection practices." Henson v. Santander Consumer USA, Inc., 137 S. Ct. 1718, 1720 (2017). To that end, the FDCPA "prohibits a debt collector from asserting 'any false, deceptive, or misleading representation' or using any 'unfair or unconscionable means' to collect, or attempt to collect, a debt." Midland Funding, LLC v. Johnson, 137 S. Ct. 1407, 1410 (2017) (citing 15 U.S.C. §§ 1692e, 1692f). Section 1692 sets out a non-exhaustive list of examples of such conduct, including falsely representing "the character, amount, or legal status of any debt," threatening "to take any action that cannot legally be taken or that is not intended to be taken," using "any false representation

or deceptive means to collect or attempt to collect any debt," or using "unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. §§ 1692e, 1692f.  Because "Congress clearly intended the FDCPA to have a broad remedial scope," the statute "should therefore be construed broadly and in favor of the consumer."  Daugherty v. Convergent Outsourcing, Inc., 836 F.3d 507, 511 (5th Cir. 2016) (internal citations and quotations omitted).

To state an FDCPA claim, a plaintiff must show: "(1) that he was the object of a collection activity arising from a consumer debt; (2) that Defendant is a debt collector as defined by the FDCPA; and (3) that Defendant engaged in an act or omission prohibited by the FDCPA[.]"  Talamor v. I.C. Sys., Inc., No. 1:16–CV–435–DAE, 2017 WL 3712186, at *3 (W.D. Tex. Aug. 10, 2017) (quoting Douglas v. Select Portfolio Servicing, Inc., No. 4:14–CV–1329, 2015 WL 1064623, at *4 (S.D. Tex. Mar. 11, 2015)).  Under Section 1692, "consumer debt" means any debt that is "primarily for personal, family, or household purposes."  15 U.S.C. § 1692a(5).  Similarly, a "debt collector" means any person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due[.]"  15 U.S.C. § 1692a(6).  Here, Plaintiffs have clearly alleged that the loans at issue constitute consumer debt (see Dkt. # 34 ¶ 33), and that Defendants are debt collectors (see id. ¶¶ 19, 28, 32.)  Thus, the crux of the instant Motion to Dismiss is whether Plaintiffs have sufficiently alleged that Defendants violated the FDCPA

"by sending consumer letters [to Plaintiffs] . . . opting to collect time-barred private student loan debts without disclosure of that fact." (Id. ¶ 66.) In other words, the issue is whether the letters contain false, deceptive, or misleading representations because the letters "failed to inform [P]laintiffs in a clear an[d] unambiguous manner that the law prohibits [D]efendants from judicially enforcing their debts [when] the statute of limitations has run." (Id. ¶ 65.)

When analyzing whether a letter violates the FDCPA, a court views the letter from the perspective of an "unsophisticated or least sophisticated consumer." Daugherty, 836 F.3d at 511. The court must "assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors." Goswami v. Am. Collections Enter., 377 F.3d 488, 495 (5th Cir. 2004). However, the unsophisticated consumer is not one "tied to the 'very last rung on the [intelligence or] sophistication ladder.'" Id. (alteration in original) (quoting Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1236 (5th Cir. 1997)).

The determination of whether a letter violates the FDCPA is a question of fact, see Carter v. First Nat'l Collection Bureau, Inc., 135 F. Supp. 3d 565, 569 (S.D. Tex. 2015) (citing Gonzalez v. Kay, 577 F.3d 600, 60506 (5th Cir. 2009), cert. denied, 559 U.S. 936 (2010)), and thus district courts in the Fifth Circuit have "recognized that it is appropriate to deny Rule 12(b)(6) motions on

plaintiff's § 1692e and § 1692f claims when those claims are well-pleaded and raise a fact issue of how the unsophisticated or least sophisticate consumer would perceive the debt collector's communication," Langley v. Northstar Location Servs., LLC., No. H–16–1351, 2016 WL 4059355, at *3 (S.D. Tex. July 28, 2016); Daugherty, 836 F. 3d at 513 n.4 (recognizing and adopting the approach set out in Langley).  Moreover, "because district judges are not good proxies for the unsophisticated consumer whose interests the FDCPA protects, district courts should be hesitant to dismiss § 1692e and § 1692f claims." Carter, 135 F. Supp. 3d at 569 (quoting Delgado v. Capital Mgmt. Servs. LP, No. 4:12–CV–4057–SLD–JAG, 2013 WL 1194708, at *3 (S.D. Ill. Mar. 22, 2013), aff'd sub nom. McMahon v. LVNV Funding, LLC, 744 F.3d 1010 (7th Cir. 2014).).

Defendants argue that Plaintiffs cannot state a claim under Sections 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f because "[t]he FDCPA does not require a debt collector collecting a time-barred debt to include in its initial communication with the consumer a disclosure that the debt is outside of the applicable statute of limitations period." (Dkt. # 43 at 3) (emphasis in original).  In support of their argument, Defendants cite to Huertas v. Galaxy Asset Mgmt., 641 F.3d 28 (3d Cir. 2011), and Freyermuth v. Credit Bureau Servs., Inc., 248 F.3d 767 (8th Cir. 2001), explaining that "[f]or two decades it has been the law that sending a letter seeking collection of a time-barred debt does not violate §§ 1692e and

9

[1692]f of the FDCPA, so long as the debt collector does not initiate or threaten legal action." (Dkt. # 43 at 10.) However, the Fifth Circuit has recently distinguished Huertas and Freyermuth, and instead adopted a different, more consumer-friendly approach. See Daugherty, 836 F.3d at 513.

In Daugherty, the Fifth Circuit noted the "apparent conflict in the circuits as to whether a collection letter offering 'settlement' of a time-barred debt can violate the FDCPA if the debt collector does not disclose the debt's unenforceability or expressly threaten litigation." Id. at 511. The Fifth Circuit explained that "[t]he Third and Eighth Circuits have stated that '[i]n the absence of a threat of litigation or actual litigation, no violation of the FDCPA has occurred when a debt collector attempts to collect on a potentially time-barred debt that is otherwise valid.'" Id. (quoting Huertas, 641, F.3d at 33 (quoting Freyermuth, 248 F.3d at 771)). "On the other hand, the Sixth and Seventh Circuits have held that collection letters offering to settle time-barred debts without disclosing the status of the debt can be misleading and therefore violate the FDCPA even if they do not expressly threaten litigation." Id. (citing Buchanan v. Northland Grp., Inc., 776 F.3d 393, 397 (6th Cir. 2015); McMahon, 744 F.3d at 1020)). The Fifth Circuit ultimately found the Seventh Circuit's analysis in McMahon persuasive, and it adopted the Seventh Circuit's reasoning that "'[t]he plain language of the FDCPA prohibits not only threatening litigation to take actions that the collector cannot

10

take, but also the use of any false, deceptive, or misleading misrepresentation, including those about the character or legal status of any debt.'" Id. at 513 (quoting McMahon, 744 F.3d at 1020–21).  It is clear, then, that the Fifth Circuit's standard is broader than the one Defendants urge the Court to employ.

Defendants next argue that this case is distinguishable from other cases in the Fifth Circuit because the letters at issue "do ***not*** make a settlement offer, threaten litigation, or contain the term 'settlement,' or any other language the least sophisticate consumer could reasonably construe to imply the debts are legally enforceable."  (Dkt. # 43 at 3.)  Indeed, upon review of the letters, the Court finds no such language.  (See Dkt. # 35, App'x A–D.)  However, the determination at the motion to dismiss stage does not turn solely on the express language of the letter—that is, whether the letters mention the word "settlement."  Instead, the determination turns on "whether it is plausible that Defendants' letter[s] could" either "mislead an unsophisticated consumer into thinking that her debt is enforceable in court[,]" or lead an unsophisticated consumer to "view Defendants' letter[s] as an unfair or unconscionable means to collect on a time-barred debt."  Carter, 135 F. Supp. 3d at 572 n.9.

Under this standard, the Court finds that Plaintiffs have stated plausible claims for relief under the FDCPA.  In their TAC, Plaintiffs set forth sufficient facts to allege that the letters are misleading.  (Dkt. # 35 ¶¶ 59, 65.)  An

unsophisticated consumer who received the letters at issue, which omit the fact that the debt is time-barred, could view the letters as false, deceptive, or misleading, in violation of § 1692e, or as an unfair or unconscionable means to collect a debt, in violation of § 1692f.  Accordingly, the Court finds that Defendants' Motion to Dismiss should be denied.  (Dkt. # 43.)

## CONCLUSION

Based on the foregoing, the Court **DENIES** Defendants' Motion to Dismiss.  (Dkt. # 43.)

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, April 20, 2018.

_____
DAVID ALAN EZRA
UNITED STATES DISTRICT JUDGE